UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC POINT CONDOMINIUM ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>HDI GLOBAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:23-cv-01518-LK<br><br>ORDER TO SHOW CAUSE |

 This matter comes before the Court sua sponte. Plaintiff Pacific Point Condominium Association asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is "complete diversity between the parties[] and the amount in controversy exceeds $75,000, exclusive of costs and interest." Dkt. No. 1 at 2. However, Pacific Point fails to allege facts sufficient for the Court to ascertain whether the amount in controversy exceeds $75,000.

 Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power

ORDER TO SHOW CAUSE - 1

to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction, Pacific Point has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

District courts have original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Whether the amount in controversy exceeds $75,000 is generally "determined from the face of the pleadings," and courts will defer to the amount "claimed by the plaintiff . . . so long as the claim is made in good faith." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *accord Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

Here, the Court is satisfied that Pacific Point has adequately alleged complete diversity of citizenship, *see* Dkt. No. 1 at 2, but finds that it has failed to adequately allege the amount in controversy, *see id.* (asserting in a conclusory fashion that the amount in dispute exceeds $75,000). Accordingly, no later than July 8, 2024, Pacific Point is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 27th day of June, 2024.

Lauren King
United States District Judge