UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC POINT CONDOMINIUM ASSOCIATION,<br><br>                   Plaintiff,<br>    v.<br><br>HDI GLOBAL INSURANCE COMPANY,<br><br>                   Defendant. | CASE NO. 2:23-cv-01518-LK<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Plaintiff Pacific Point Condominium Association's Motion for Leave to File First Amended Complaint. Dkt. No. 32. Defendant HDI Global Insurance Company did not file an opposition to Pacific Point's motion. For the reasons explained below, the Court grants the motion.

**I.   BACKGROUND**

Pacific Point commenced this insurance coverage action over a year ago, in October 2023. Dkt. No. 1. Pacific Point alleges in its initial complaint that HDI, an insurance provider, failed to investigate its insurance claim and did not otherwise respond to pertinent claim communications.

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 1

*Id.* at 3. It seeks a declaratory judgment and brings claims for negligence, bad faith, and consumer protection violations. *Id.* at 4–5.

On October 11, 2024, Pacific Point filed this motion for leave to amend its complaint to add claims for breach of contract and violations of Washington's Insurance Fair Conduct Act ("IFCA"). Dkt. No. 32 at 3; Dkt. No. 32-1 at 6–7, 9–10. HDI did not file an opposition to Pacific Point's motion for leave to amend, and therefore has conceded that the motion has merit. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit").

## II. DISCUSSION

The deadline to file a motion for leave to amend pleadings set by the Court's scheduling order, as extended, was October 14, 2024. Dkt. No. 17 (scheduling order); Dkt. No. 31 (order extending deadline to file a motion for leave to amend pleadings); *see also* Dkt. No. 29 at 3. Pacific Point timely filed this motion on October 11, 2024, before the October 14 deadline lapsed. Dkt. No. 32. Because Pacific Point filed this motion within the deadline set by the Court's scheduling order, the liberal amendment procedures afforded by Rule 15 govern the motion. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

**A.    Legal Standards Under Rule 15**

Rule 15(a)(2) directs district courts to "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the language of the rule suggests, the standard for leave to amend is "very liberal." *AmerisourceBergen Corp.*, 465 F.3d at 951. This is because "the underlying purpose of Rule 15" is "to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up).

1       A district court should deny leave to amend "only if there is strong evidence of undue
2  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
3  by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance
4  of the amendment, or futility of amendment[.]" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma*
5  *Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (cleaned up). Evaluation of these factors "should be
6  performed with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am.*
7  *Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). However, the amendment factors are not entitled to
8  equal weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per
9  curiam). The Ninth Circuit has repeatedly emphasized that prejudice "carries the greatest weight"
10 and is "the touchstone of the inquiry under [R]ule 15(a)." *Id.* (internal quotation marks omitted);
11 accord *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Indeed, there is a
12 presumption in favor of amendment absent prejudice or a "strong showing" under the remaining
13 four factors. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden
14 of showing that amendment is not warranted. *Hedglin v. Swift Transp. Co. of Ariz., LLC*, No. C16-
15 5127-BHS, 2016 WL 8738685, at *1 (W.D. Wash. Nov. 15, 2016) (citing *DCD Programs, Ltd. v.*
16 *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

17 **B.    Leave to Amend is Granted**

18      Applying the Rule 15 factors, leave to amend is clearly appropriate here.

19      First, Pacific Point did not unduly delay amending its complaint. Although this action has
20 been pending for over a year, it appears that HDI did not send its coverage position letter in which
21 it formally denied coverage for Pacific Point's claim until August 21, 2024. Dkt. No. 32 at 3; Dkt.
22 No. 30 at 4–18 (coverage position letter). The coverage position letter denying coverage is the
23 basis for both of Pacific Point's new claims. *See id.* Pacific Point could not seek leave to amend in
24 August 2024 because it first had to comply with IFCA's pre-suit notice provision. *See* Wash. Rev.

1   Code. § 49.30.015(8). As required, Pacific Point sent HDI its notice of IFCA claim on September
2   13, 2024. Dkt. No. 29 at 2–3; Dkt. No. 30 at 20–27 (pre-suit notice letter). That commenced a 20-
3   day notice period, which ended on October 8, 2024. Dkt. No. 29 at 3. Pacific Point filed its motion
4   for leave to amend three days later, on October 11, 2024, Dkt. No. 32, after trying and failing to
5   obtain HDI's consent to the amendment, Dkt. No. 33.

6       To the extent there has been delay, that delay has been HDI's, not Pacific Point's. The
7   Court granted the parties' stipulated motion to stay the case for six months in November 2023 to
8   allow HDI time to investigate Pacific Point's claim. Dkt. No. 13; Dkt. No. 12 at 2. But HDI appears
9   to have waited five months (until April 2024) to investigate the physical damage at Pacific Point's
10  condominiums, and another four months to relay its coverage decision (August 2024). Dkt. No. 30
11  at 21.

12      Based on the record before it, the Court concludes that Pacific Point did not unduly delay
13  amending its complaint. Once it learned of the basis for the amendment (the coverage position
14  letter) it worked diligently to satisfy IFCA's pre-suit notice requirements and moved for leave to
15  amend almost immediately afterwards.

16      The rest of the Rule 15 factors also weigh strongly in favor of granting leave to amend.
17  This is Pacific Point's first time amending its complaint. HDI does not argue that it would be
18  prejudiced by the amendment, and the Court finds it would not be. There are still three months left
19  before discovery closes and over eight months before trial. Nor would amendment be futile. *See*
20  *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (leave to amend should be
21  denied as futile "only if no set of facts can be proved under the amendment to the pleadings that
22  would constitute a valid and sufficient claim or defense"). Finally, nothing in the record suggests
23  any dilatory motive or bad faith here.

24

ORDER GRANTING MOTION FOR LEAVE TO AMEND - 4

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Pacific Point's motion for leave to amend. Dkt. No. 32. Pacific Point shall file its amended complaint by November 18, 2024.

Dated this 13th day of November, 2024.

*Lauren King*

Lauren King
United States District Judge